**SO ORDERED.**

**SIGNED this 21 day of July, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

TANYA RENE JOHNSON,                            CASE NO. 10-07244-8-JRL
                                               CHAPTER 13
    DEBTOR.

_____

**ORDER**

This matter came before the court on the debtor's motion for confirmation of her chapter 13 plan. A hearing was held on June 8, 2011 in Raleigh, North Carolina.

Tanya Rene Johnson ("the debtor") filed a voluntary petition for chapter 13 relief on September 7, 2010. In completing Official Form 22C, the statement of current monthly income and calculation of disposable income, the debtor listed her household size as seven. The debtor's ex-husband, William H. Zimmer ("Zimmer"), who is a codebtor on two of the debtor's unsecured obligations, objected to confirmation. Zimmer argues certain deductions taken on Form 22C are greater than necessary because the household size of seven is inaccurate given the debtor's circumstances.

**STIPULATED FACTS**

The debtor and Zimmer have joint custody of their two sons ("the debtor's sons"), ages

eight and nine, who reside with the debtor 204 days per year. Neither party is required to provide child support payments to the other. The debtor and Zimmer share living expenses incurred by their sons based on where the sons live when the expenses become necessary. The debtor's sons are on her present husband's health insurance plan. If medical expenses are incurred and not covered by insurance, the debtor and Zimmer divide the costs equally. The debtor's husband has two sons and a daughter from a prior marriage ("the debtor's stepchildren"), ages 10, 13, and 19 respectively, who reside at the debtor's residence 180 days per year. The debtor's sons share one bedroom in the debtor's home, the debtor's stepsons share a second bedroom, and the debtor's stepdaughter occupies the third bedroom.

## DISCUSSION

The issue before the court is what is the appropriate household size for purposes of calculating the debtor's disposable income. Three recent decisions from the court's sister districts in North Carolina, as well as the Eastern District of Virginia guide the court's analysis. In re Robinson, No. 10-34516-KRH, 2011 WL 864937, (Bankr. E.D. Va. Mar. 10, 2011); In re Morrison, 443 B.R. 378 (Bankr. M.D.N.C. 2011); In re Herbert, 405 B.R. 165 (Bankr. W.D.N.C. 2008). These three opinions demonstrate an evolution of the "economic unit approach" to determining household size, addressing the growing number of debtors with blended families and joint custody obligations without ignoring the economic realities of a debtor's living situation.

Before turning to the economic unit approach, the court briefly addresses the two alternative methods of calculation and their often cited criticisms. The "Heads on Beds" approach employs the U.S. Census Bureau's definition of household, which is "all the people

who occupy a housing unit." U.S. Census Bureau, Current Population Survey (CPS)—Definitions and Explanations, http://www.census.gov/population/www/cps/cpsdef.html. This definition is the broadest of the three approaches because it does not require the individuals to be related by blood or marriage and does not account for the financial contributions and dependency of the individuals involved. See In re Robinson, 2011 WL 864937, at *6; In re Herbert, 405 B.R. at 168. In addition, the Census Bureau has a "radically different" purpose in calculating household size—determining demographics and population size—as compared to the means test and Official Form 22C. In re Jewell, 365 B.R. 796, 800 (Bankr. S.D. Ohio 2007). Thus, while it appropriately captures households where a debtor supports individuals to whom he or she is not related, it fails to consider whether individuals are dependent on one another.

The second approach is derived from the Internal Revenue Service definition of "household," which is all the individuals who could be or are included on the debtor's tax return as dependents. Courts have criticized this definition for being too narrow because a debtor could easily support an individual without declaring that person as a dependent on his tax return, In re Robinson, 2011 WL 864937, at *6, and for its lack of congruency with the purpose of the Bankruptcy Code and means test, In re Morrison, 443 B.R. at 387-88. The Internal Revenue Code is drafted with the purpose of collecting tax revenue, while the means test is designed to calculate the debtor's disposable income remaining after all reasonable and necessary expenses are deducted from monthly income. In re Morrison, 443 B.R. at 388.

The court adopts the third approach, the "economic unit approach," following the decisions in Robinson, Morrison, and Herbert. The economic unit approach—coined as such by Judge Waldrep—assesses the number of individuals in the household that act as a single

economic unit by including those who are financially dependent on the debtor, those who financially support the debtor, and those whose income and expenses are inter-mingled with the debtor's. Id. at 386. The court in Herbert adopted this approach for a debtor whose economic unit included eleven individuals—himself, his girlfriend, the child they shared, and the girlfriend's eight children from a previous relationship. The debtor consistently supported these individuals for several years, even attempting to adopt the eight children whose biological father was incarcerated. In re Herbert, 405 B.R. at 166. In Morrison, the court found the debtor operated in an economic unit of two. The debtor's boyfriend owned their home and paid the mortgage, while the debtor paid for food, utilities, and household goods for the two. In re Morrison, 443 B.R. at 388. Even though the two filed separate tax returns, they shared a significant amount of their income and expenses. Id.

Judge Huennekens of the Eastern District of Virginia took this analysis one step further when presented with a debtor whose children resided with him four nights per week. The court treated the children as fractional members of the household, each being four-sevenths of a member, multiplied by four, which approximately equaled two full children. In re Robinson, 2011 WL 864937, at *8. Dividing children into fractions is not ideal; the method fails to capture the nuances of familial support and bonds. In Robinson, the male debtor supported four children, paid their expenses during their time with him as well as child support to their mothers during their time apart from him. Id. Neither of the mothers contributed to the care of the children during the days they spent with their father. Id. The male debtor was solely responsible for the medical care of one son who required significant treatment. Id. The children resided with him on scattered nights of the week, and although only deemed four-sevenths of a

household member, each child appeared to have a full-time father.  Putting the negative connotations of "carving out fractional member[s]" of a household aside, as described in the debtor's brief, it is the best method the court can employ to "adapt to dynamic economic change including various types of family structures regardless of size, shape, or composition."  Id.

Using fractions to account for dependents who reside with the debtor on a part-time basis is useful in calculating variable costs such as food, utilities, and out-of-pocket health care expenses.  Robinson recognizes the shortcomings of this mathematical formula when addressing fixed costs.  For example, the debtor in Robinson as well as the debtor here, have to maintain housing and vehicles to accommodate all the children in the likely event that all are together on any day of the week.  Citing Hamilton v. Lanning, 130 S. Ct. 2464 (2010), the court in Robinson stated that bankruptcy courts still "retain the discretion to depart form the mechanical approach contemplated by the language of 11 U.S.C. § 1325(b) when necessary."  Id. (citing Hamilton, 130 S. Ct. at 2470).  Form 22C includes lines for these adjustments, such as Line 26 for housing, Line 36 for health care, and Line 60 as a catchall for monthly expenses not included on the form. Id. at *9.  The trustee is free to object to additional expenses that are "contrived or inappropriate" given a particular debtor's circumstances.  Id.

The parties have stipulated to the amount of time per year the children reside with the debtor and her husband.  Based on the amounts provided, the debtor's sons—residing with her 204 days out of a possible 365—each constitute .56 members of the household.  The debtor's stepchildren[1]—residing with her 180 days out of a possible 365—each constitute .49 members.

---

[1] The eldest stepdaughter is 19 and based on the stipulated facts submitted by the parties, appears to be financially dependent.

Together, the children equal 2.59 members, which rounds up to three.  Therefore, the debtor, along with her husband and "three" children, constitute a household of five.  If any particular expenses exist that the debtor must meet given the family's total size of seven, the debtor is free to include those in an amended Form 22C and provide documentation of those costs.

      Based on the foregoing, the motion for confirmation is **DENIED** with leave to amend the debtor's disposable income calculation and plan to reflect the household size discussed above.

**END OF DOCUMENT**