**SO ORDERED.**

**SIGNED this 08 day of August, 2011.**

_____
J. Rich Leonard
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

TANYA RENE JOHNSON,                    CASE NO. 10-07244-8-JRL
                                       CHAPTER 13
    DEBTOR.

---

### ORDER

This matter came before the court on the debtor's petition requesting direct appeal to the circuit court.

The debtor filed a notice of appeal of this court's order issued on July 21, 2011, denying confirmation of her chapter 13 plan. The court determined the appropriate method of calculating the debtor's household size needed to ascertain her disposable income on Official Form 22C. Courts, in this circuit and elsewhere, have used any of three methods to calculate the number of individuals residing in the debtor's household. The "Heads on Beds" approach includes any person occupying the home in the debtor's household size. The second approach uses the Internal Revenue Service's definition of "household" and only includes those individuals who could be claimed as dependents on the debtor's tax return. The third approach is the "economic unit approach," which counts only those individuals that act as a single economic unit in the total

household size. The debtor's economic unit includes those who are dependent on the debtor, those who support the debtor, and those who have commingled income and expenses with the debtor. See In re Morrison, 443 B.R. 378, 386 (Bankr. M.D.N.C. 2011).

Pursuant to Federal Rule of Bankruptcy Procedure 8001(f), after request, the bankruptcy court may certify an appeal to proceed directly to the court of appeals so long as a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists. Direct appeals to the circuit court are appropriate where (i) a question of law to which there is no controlling decision of the circuit is involved; (ii) conflicting decisions within the circuit exist and a resolution by the circuit is needed; or (iii) an immediate appeal may materially advance the progress of the case and the court of appeals authorizes the direct appeal. See 28 U.S.C. § 158(d)(2)(A)(i)-(iii).

The court certifies this direct appeal to the Fourth Circuit because there is no controlling decision by the circuit regarding the appropriate method of calculating a debtor's household size. 28 U.S.C. § 158(d)(2)(A)(i). The United States Bankruptcy Courts for the Western District of North Carolina, Middle District of North Carolina, and Eastern District of Virginia have dealt with this issue and examined the three methods of calculation in the last three years. See In re Robinson, No. 10-34516-KRH, 2011 WL 864937 (Bankr. E.D. Va. Mar. 10, 2011); In re Morrison, 443 B.R. 378 (Bankr. M.D.N.C. 2011); In re Herbert, 405 B.R. 165 (Bankr. W.D.N.C. 2008). The three courts adopted the economic unit approach, as did this court in its denial of confirmation. Only the decision in Robinson dealt with similar facts to the debtor's in which children, who lived with the debtor pursuant to a joint custody obligation, were counted as fractional members of the household based on the number of days per week they resided with the debtor. The issue of calculating household size is an important one and will continue to come

before bankruptcy courts given the prevalence of blended families and the variety of family structures that exist today.

      Based on the foregoing, the court certifies the debtor's direct appeal to the Fourth Circuit Court of Appeals.

**END OF DOCUMENT**